| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY, COLORADO<br>Court Address: Larimer County District Court<br>201 LaPorte Avenue<br>Ft. Collins, CO 80521 | |
| Plaintiff: Norma Hibler<br><br>v.<br><br>Defendant: John Blecher and Arlo G Lott Trucking, Inc | ▲ COURT USE ONLY ▲ |
| Erica A. Vecchio, #36983<br>Franklin D. Azar & Associates, P.C.<br>400 North Main Street<br>Pueblo, Colorado  81003<br>Phone Number: (719) 544-8000<br>Fax Number:    (719) 545-4357<br>E-Mail: vecchioe@fdazar.com | Case No.<br><br>Division: |
| **COMPLAINT** | |

Plaintiff, by and through her attorneys, Franklin D. Azar and Associates, P.C., and Erica A. Vecchio, for her Complaint against the Defendant, states and alleges as follows:

### I.  PARTIES, JURISDICTION, AND VENUE

1. This lawsuit arises from an auto collision that occurred in Pueblo on October 12, 2016 in Ft. Collins, Colorado.
2. Plaintiff is an individual and resident of the State of Colorado.
3. Upon information and belief, Defendant John Blecher is an individual and resident of the State of Idaho.
4. Upon information and belief, Defendant Arlo G Lott Trucking, Inc was and is a corporation doing business in the State of Idaho.
5. The tortious acts complained of herein occurred in Larimer County, Colorado.
6. Venue is proper the County of Larimer pursuant to C.R.C.P. 98(c)(1).

### II.  GENERAL ALLEGATIONS

7. The collision occurred on October 12, 2016 at approximately 5:54 PM.
8. Defendant was driving a 2014 truck.

**EXHIBIT C**

9. Plaintiff was driving a 2003 sedan.
10. Defendant Blecher was traveling southbound on South College in the City of Ft. Collins, Colorado just prior to the crash complained of herein.
11. Plaintiff was traveling northbound on South College in the City of Ft. Collins, Colorado just prior to the crash complained of herein.
12. Plaintiff was traveling in a through lane northbound on South College just prior to the crash.
13. Defendant Blecher was attempting to turn east on to Carpenter from southbound South College just prior to the crash.
14. Plaintiff had a green light as she was traveling northbound on South College just prior to the crash.
15. Plaintiff had the right of way just prior to the crash.
16. Defendant Blecher had a duty to yield right of way to Plaintiff just prior to the crash.
17. Defendant Blecher had a duty to drive safely.
18. Defendant Blecher had a duty to ensure an intersection is clear before entering.
19. Traffic at the intersection of South College and Carpenter is controlled by a traffic light.
20. Defendant Blecher had an obligation to maintain a careful lookout for other traffic on the road.
21. Defendant Blecher, upon entering the intersection, collided with Plaintiff's vehicle.
22. The collision caused damage to Plaintiff's vehicle.
23. Plaintiff had no way of avoiding the collision.
24. No third person caused the collision.
25. Ft. Collins Police investigated the collision.
26. Plaintiff had evident injuries at the scene of the collision.
27. Plaintiff incurred injuries, losses, and damages as a result of the collision
28. Plaintiff's injuries, losses, and damages were caused by Defendant's negligence.
29. Ft. Collins Police cited Defendant Blecher with Failing to Yield Right of Way Turning Left in violation of C.R.S. § 42-4-702.
30. Defendant Blecher drove his vehicle without due regard for traffic.
31. Defendant Blecher was driving carelessly at the time of the collision.
32. Defendant's careless driving was the cause of the collision.
33. Defendant Blecher was in the course and scope of his employment with Defendant Arlo G Lott Trucking, Inc at the time this collision occurred.

## FIRST CLAIM FOR RE LIEF
### (Negligence)

34. Plaintiff incorporates all prior allegations as though fully set forth herein.

35. The collision involving Plaintiff was caused by the negligence of Defendant.

36. As a direct, proximate, and foreseeable result of the negligence of Defendant, Plaintiff suffered physical injuries.

37. As a direct, proximate, and foreseeable result of the negligence of Defendant Blecher, Plaintiff suffered past damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills in amounts to be determined at the time of trial.

38. As a direct, proximate, and foreseeable result of the negligence of Defendant Blecher, Plaintiff will suffer future economic and non-economic damages, including permanent impairment in an amount to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF
### (Negligence *Per Se*)

39. Plaintiff incorporates all prior allegations as though fully set forth herein.

40. In the course of the motor vehicle accident described above, Defendant Blecher violated C.R.S. § 42-4-702, Failure to Yield Right of Way Turing Left.

41. Plaintiff is a member of the class of persons which the aforementioned statutes were intended to protect.

42. The purpose of the aforementioned statutes was to protect against the type of injuries or losses that Plaintiff sustained.

43. The above-described actions of Defendant Blecher constitute negligence *per se*.

44. As a direct, proximate, and foreseeable result of the negligence *per se* of Defendant Blecher, Plaintiff suffered physical injuries.

45. As a direct, proximate, and foreseeable result of the negligence *per se* of Defendant Blecher, Plaintiff suffered past damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills in amounts to be determined at the time of trial.

46. As a direct, proximate, and foreseeable result of the negligence of Defendant Blecher, Plaintiff will suffer future economic and non-economic damages, including permanent impairment in an amount to be determined at the time of trial.

## THIRD CLAIM FOR RELIEF
### *(RESPONDEAT SUPERIOR)*

47. Plaintiff incorporate all prior allegations as though fully set forth herein.

48. Upon information and belief, at all times pertinent to this action Defendant Blecher was employed by and acting within the course and scope of his employment or some other agency relationship with Defendant Arlo G Lott Trucking, Inc.

49. Pursuant to the doctrine of *respondeat superior*, Defendant Arlo G Lott Trucking, Inc, is legally liable for the injuries, damages, and losses sustained by Plaintiff as set forth above.

50. As a direct, proximate, and foreseeable result of the negligence and negligence *per se* of Defendants Plaintiff physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, future loss of earnings and earning capacity, and/or permanent impairment in amounts to be determined at the time of trial.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants and in his favor for actual damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

Respectfully submitted January 10, 2018

> FRANKLIN D. AZAR & ASSOCIATES, P.C.
> By: */s/ Erica A. Vecchio*
> Erica A. Vecchio
> ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
**1104 Remington**
**Fort Collins, CO 80524**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*